# United States District Court
# For The Western District of North Carolina
# Charlotte Division

Michael Jerome Orr Jr.,

    Plaintiff(s),

vs.

USA ,

    Defendant(s).

JUDGMENT IN A CIVIL CASE

3:02-cv-293/3:98-cr-322

DECISION BY COURT. This action having come before the Court by and a decision having been rendered;

IT IS ORDERED AND ADJUDGED that Judgment is hereby entered in accordance with the Court's May 2, 2005 Order.

May 2, 2005

FRANK G. JOHNS, CLERK

BY: *Betsy Wallace*

Betsy Wallace, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02CV293-02-C
(3:98CR322-MU-C)

| | |
|---|---|
| MICHAEL JEROME ORR, JR., ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

**THIS MATTER** is before this Court upon petitioner's Motion To Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. §2255, construed as filed on June 28, 2002 [document # 1]; on the petitioner's purported "Amended Motion To Vacate Conviction...," filed August 5, 2002 [document # 2]; on the petitioner's second purported Amended Motion to Vacate...," filed October 3, 2002 [document # 7]; on the petitioner's third purported "Amended Motion To Vacate...," filed October 24, 2002 [document # 9]; on the petitioner's "Motion [F]or [D]efault [J]udgement...," filed October 24, 2002 [document # 10]; on the "Government's Response ...," filed May 13, 2003 [document # 19]; and on the "Government's Revised Response . . . And Motion For Summary Judgment," filed October 3, 2003 [document # 23].

For the reasons set forth herein, and for the further reasons set forth in the government's supporting briefs, the petitioner's first, second and third proposed Amended Motions to



Vacate will be <u>dismissed</u> as time-barred; the petitioner's Motion for Default Judgment will be <u>denied</u>; the government's Motion for Summary Judgment will be <u>granted</u>; and the petitioner's original Motion to Vacate will be <u>dismissed</u>.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

Pertinent to this Motion, the record reflects that on November 4, 1998, the petitioner was named in a multiple-count Bill of Indictment which charged him with several federal crimes, to wit, three counts of using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §924(c)(1) (Counts One through Three); it charged him with conspiracy to commit a violation of §924(c)(1), in violation of 18 U.S.C. §924(o)(Count Four); it charged him with three counts of the unlawful possession of a firearm by a minor in violation of 18 U.S.C. §922(x) (Counts Five through Seven); and it charged him with one count of causing the death of a person in the course of violating §924(c), in violation of 18 U.S.C. §924(j) (Count Eight).[1]

After pleading not guilty and requesting a jury trial, the petitioner's trial got underway on October 25, 1999. During the course of his trial, the government presented testimonial

---

[1] The original Bill of Indictment mis-numbered the Counts, listing two Count Fours. Accordingly, by a Motion to Amend filed November 10, 1998, said Indictment was amended to correct the Count numbers from One through Eight. Oddly, however, the parties continued to proceed under the original Bill of Indictment.

2

evidence which tended to establish that the petitioner was an active member of a violent conspiracy. Between December 1996 and August 1997, the petitioner and his co-conspirators engaged in multiple armed robberies and home invasions, during which they threatened, beat, shot and/or killed victims from whom they stole vehicles, cash, drugs, weapons, jewelry and other items of value.

At the conclusion of the trial, the government dismissed Count Five from the original Indictment (in actuality, the amended Count Six). Thereafter, the jury deliberated on the remaining charges, and on October 28, 1999, the petitioner was convicted of the three §924(c)(1) charges set out in Counts One through Three, and he was convicted of the §922(x) charge set forth in the second Count Four (that is, the amended Count Five). Thereafter, on January 4, 2000, the Court dismissed the first Count Four, along with Counts Six and Eight from the original Indictment.

On March 21, 2000, the Court held the petitioner's Sentencing Hearing. On that occasion, the Court sentenced the petitioner to terms of 60 months imprisonment on Count One, to a consecutive term of 240 months on Count Two, to another consecutive term of 240 months on Count Three, and to a consecutive 12-month term on Count Five, for a total of 552 months imprisonment. The petitioner timely gave his notice of appeal to the Fourth Circuit Court of Appeals.

On appeal, the petitioner argued that the Court had erred in sentencing him on the second and third 924(c)(1) charges; that the Court had erred in denying his Rule 29 Motion for an acquittal; that the Court had improperly instructed the jury on the 924(c)(1) charges, and had failed to give a lesser included offense instruction on such charges; and that his sentence was imposed in violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). See United States v. Orr, No. 00-4246, slip op. at 2-3 (Jan. 9, 2001). However, the Court of Appeals rejected each of the petitioner's claims, noting that the petitioner's convictions and sentences all were proper. Id. at 3. Thereafter, the Court of Appeals denied the petitioner's Petition for Rehearing and Rehearing En Banc. On June 29, 2001, the U.S. Supreme Court denied the petitioner's Petition for a Writ of Certiorari.

For his next move, on June 26, 2002, the petitioner filed the instant Motion to Vacate in this Court. By this Motion, the petitioner asserts that the Court erred in submitting Count Five to the jury since that Count had been dismissed by the government; that the government was required, but failed, to convict him on the predicate drug trafficking charges before it could convict him of the §924(c)(1) charges; that none of his convictions under §924(c)(1) were linked to specific drug trafficking offenses, thereby exposing him to a risk of double jeopardy; that

4

the Indictment by which he was charged failed to allege all of the essential elements of the 18 U.S.C. §2 charges which were set forth in Counts One through Three; and that he was subjected to ineffective assistance of counsel by virtue of his attorney's failure to raise the foregoing claims either at trial or on appeal.

Next, on August 5, 2002, the petitioner filed a document captioned as an "Amended Motion [T]o [V]acate [C]onviction; [A]nd [M]otion [F]or [A]n Evidentiary Hearing; [A]nd [M]otion [F]or Appointment [O]f Counsel." By that document, the petitioner proceeded to set forth additional claims for relief. For the most part, the petitioner's proposed claims allege that he was subjected to numerous additional instances of ineffective assistance of counsel.

For instance, the petitioner argues that counsel was ineffective for having failed: 1) to raise <u>Batson</u> claim to the jury's composition; 2) to ask potential jurors questions about interracial relationships, biases against professional drug dealers and robbers, and biases against persons who carried weapons; 3) to file a pre-trial stipulation setting forth the petitioner's prior convictions; 4) to file a motion for suppression of the evidence; 5) to honor the petitioner's request that he be allowed to testify concerning an alibi defense; and 6) to challenge the sufficiency of the evidence during the petitioner's appeal.

5

On September 12, 2002, the petitioner again sought to amend his Motion to Vacate by submitting a document captioned as "Grounds For Relief." In that document, the petitioner set forth additional proposed claims of ineffective assistance of counsel relating to both certain pre-trial and trial matters which the petitioner's believes counsel should have handled differently.

On October 24, 2002, the petitioner filed yet his third proposed amendment, captioned as an "Amended Motion [T]o [V]acate, [S]et [A]side, [C]orrect [S]entence [F]or [P]urposes [O]f [D]emonstration [O]f [S]ubstantial [R]ights [T]o [A] [F]air [T]rial [B]y [J]ury [V]iolation, 6th Amendment of [D]ue [P]rocess."[2] By that document, the petitioner resumes his argument concerning the presentation of Count Five to the jury after that charge allegedly had been dismissed.

Then, after having sought three extensions of time in which to respond, on November 25, 2002, the "Government's Motion To Dismiss Petitioner's Time Barred Motion To Vacate" was filed. Relying upon the petitioner's representation that he had filed his original Motion to Vacate on July 1, 2002--as stated in his Motion for Default Judgment, the government argued that such Motion was untimely since it was filed more than one year after

---

[2] Also on October 24, 2002, the petitioner filed a Motion for a Default Judgment against the government. However, inasmuch as the government obtained extensions of time in which to file its responses to the petitioner's pleadings and the petitioner never was prejudiced by any of the delays, the petitioner's Motion for Default will be denied.

6

June 29, 2001, which was the date on which the U.S. Supreme Court denied the petitioner's Certiorari Petition.

However, on January 6, 2003, the petitioner filed his "Traverse In Response To The Government's Response . . . , contending that he actually had filed his original Motion to Vacate on June 28, 2002, which is the date on which he posted that document for mail at his federal prison. Thus, inasmuch as the petitioner submitted a copy of the envelope in which his Motion to Vacate was mailed along with other documentation in support of this assertion, the Court denied the government's Motion to Dismiss on the ground that the subject original Motion to Vacate had been timely filed by the petitioner.

Thus, after obtaining one final extension of time, on May 13, 2003, the "Government's Response to Defendant's Motion Under 28 U.S.C. §2255" was filed. By its Response, the government asserts, among other matters, that the petitioner has failed to state any claim for relief in that he simply cannot establish, based upon the evidence produced at trial, that the result of his proceeding was fundamentally unfair or unreliable. Therefore, the government seeks a dismissal of the petitioner's Motion to Vacate.

On June 19, 2003, the "Petitioner's Motion [O]f [O]pposition [T]o [T]he Government's [M]otion [O]f Dismissal" was filed. That pleading asserts, along with other insignificant matters,

that the government failed to rebut his allegation concerning the submission of Count Five of the Indictment to the jury.

On October 6, 2003, the "Government's Revised Response To Petitions And Motion For Summary Judgment" was filed in response to the various proposed amendments which the petitioner filed with this Court. Such Revised Response raises several contentions, including that the petitioner's proposed amendments are subject to summary dismissal as time-barred and/or as unauthorized successive claims.

On April 29, 2004, the "Petitioner's Revised Response To government's Revised Response . . ." was filed. By that document, the petitioner denies that his amendments are subject to summary dismissal, and he reiterates his concerns regarding the submission of Count Five to the jury.

Nevertheless, after having carefully considered the documents filed in this case along with the relevant legal precedent, the Court finds that the instant Motion to Vacate must be <u>dismissed</u>.

## II. <u>ANALYSIS</u>

### 1. <u>Four of the petitioner's original claims are procedurally defaulted due to his failure to raise them on direct appeal</u>.

As has already been noted, the petitioner filed a direct appeal in this matter. Although that appeal raised several claims for relief, the petitioner did <u>not</u> raise any of the claims

8

set forth in his original Motion to Vacate. That is, the petitioner did not argue that the Court had erred in submitting Count Five to the jury; that the government was required to convict him of the predicate drug offenses before proceeding on his §924(c)(1) charges; that the government failed to link his §924(c)(1) convictions to drug trafficking offenses; or that the Indictment failed to allege all of the essential elements 18 U.S.C. §2 allegations. Therefore, those allegations simply are not cognizable in this proceeding.

To be sure, in United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000), the Court pointed out that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Id., citing United States v. Frady, 456 U.S. 152 (1982); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); and Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).

Accordingly, inasmuch as the record reflects that the petitioner failed to appeal these particular matters and, other

9

than his belated allegations against counsel, he has failed even to offer a reasonable basis for excusing such procedural default. Therefore, this Court lacks the authority to review the instant claims.

> 2. **The petitioner's claim that he was subjected to ineffective assistance of counsel also must fail**.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland,

10

466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

As to his claims against counsel, the petitioner essentially alleges that counsel was ineffective for having failed to raise the above noted allegations which he procedurally defaulted. In particular, the petitioner claims that counsel was ineffective for having failed to challenge the submission of Count Five to the jury, for having failed to argue the government's failure to convict him on the underlying drug offenses before proceeding on the §924(c)(1) charges, for having failed to raise the government's failure to link his §924(c)(1) charges to specific drug trafficking offenses, and for having failed to challenge the Indictments failure to include all of the essential elements of an offense under 18 U.S.C. §2.

A review of the record of this case reflects that the petitioner simply is mistaken as to facts concerning Count Five--

albeit with good reason. As was earlier noted, the government's original Indictment mis-numbered the Counts set forth therein. Counts One through Three were properly enumerated. However, the original Indictment set forth two Count Fours, it proceeded with identifying the actual Counts Six and Seven as Counts Five and Six, and it completely deleted a Count Seven, though it somehow correctly enumerated Count Eight. Although the government subsequently obtained permission to amend the Indictment to correctly enumerate all claims, and it did file the amended Indictment, which properly identified the eight charges in the Indictment, the parties continued to proceed on the original Indictment.

Thus, when the government moved to dismiss Count Five from the Indictment, such motion referenced Count Five in the original Indictment (which should have been Count Six in the amended Indictment--the charge alleging that the petitioner had unlawfully possessed a firearm as a minor on July 7, 1997). Likewise, the verdict sheet reflects that the original Indictment was submitted to the jury for deliberation (see document # 33). That is, the jury was asked to deliberate on both of the Count Fours from the original Indictment (which should have been Counts Four and Five from the amended Indictment), but it was not asked to deliberate on the dismissed Count Five. Accordingly, since the jury never was permitted to deliberate on the dismissed

12

allegation, counsel clearly was not ineffective on this basis.

The petitioner also argues that counsel was ineffective for having failed to raise the government's failure to convict him on the underlying drug offenses before pursuing him on the §924(c)(1) charges, and for failing to raise the government's failure to link his §924(c)(1) charges to specific drug trafficking offenses. However, as the government has correctly noted, the Fourth Circuit has rejected similar contentions, stating "that §924(c) convictions do not require a conviction on the predicate drug trafficking offense." United States v. Carter, 300 F.3d 415, 425 (4th Cir.), cert. denied, 537 U.S. 1065 (2002). Consequently, the petitioner clearly could not have been prejudiced by counsel's decision not to challenge the petitioner's §924(c)(1) charges on these bases.

Finally, concerning counsel's alleged failure to challenge the sufficiency of the Indictment as it related to the aiding and abetting charges, such claim also must fail. That is, the petitioner asserts that counsel should have challenged the aiding and abetting language in the Indictment because it merely cited to §2, not §2(a) or §2(b). However, the law is clear that "a conviction [based on 'aiding and abetting'] may be obtained although the defendant was not indicted under §2." United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003), cert. denied, 124 S.Ct. 2906 (2004), citing United States v. Duke, 409 F.2d 670

(4th Cir. 1969). Accordingly, the petitioner cannot demonstrate any prejudice on the basis of counsel's decision not to challenge the sufficiency of the Indictment in this regard.

### 3. **The petitioner's proposed claims are time-barred under the AEDPA**.

In April 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As was noted by the Court's Order of March 11, 2003, the petitioner had one year from the date on which the U.S. Supreme Court denied his Certiorari Petition--or up to and including June

14

29, 2002--in which to file his claims for collateral review under 28 U.S.C. §2255. Thus, all of the matters set forth in the petitioner's proposed amendments[3] which were filed August 5, 2002, October 3, 2002, and October 24, 2002 are time-barred unless he has demonstrated that those matters relate back to the matters which were timely raised in his original Motion to Vacate. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

In Pittman, the Fourth Circuit held, pursuant to the relation back principle set forth in Federal Rule of Civil Procedure 15(c), that when proposed claims in an amended motion to vacate are barred by the one-year statute of limitations, such claims can only be asserted if they "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." To be sure, the Pittman Court further noted that "[t]he fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c)." Id. at 318.

Rather, only those matters which arise from occurrences which are similar as to "both time and type" can be deemed to relate back under Rule 15(c). Id, (internal quotes omitted), quoting United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999)(holding that claims that counsel had been ineffective

---

[3]For a complete list of all of the petitioner's proposed amended claims, see the government's Revised Response (document # 23).

for failing to file an appeal did not relate back to original claims that counsel had been ineffective for failing to seek a downward departure and for failing to object to the type of drugs at issue). In the instant case, just as in <u>Pittman</u> and <u>Craycraft</u>, the petitioner's proposed claims that counsel was ineffective in various ways do not relate back to his original claims that counsel was ineffective in other, unrelated ways. Therefore, the petitioner's proposed claims must be <u>dismissed</u> as time-barred.

### III. CONCLUSION

The petitioner has defaulted several of his claims, and he has failed to timely raise most of his other claims. Equally critical, the petitioner has failed to allege or to otherwise demonstrate that he suffered any prejudice in connection with his timely raised allegations against counsel. Accordingly, the government's Motion for Summary must be <u>granted</u>; and the petitioner's Motion to Vacate must be <u>dismissed</u>.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the government's Motion for Summary Judgment is **GRANTED**;

2. That the petitioner's proposed amended claims as set forth in documents ## 2, 7, and 9 are **DISMISSED as time barred**;

3. That the petitioner's Motion for Default (document # 10)

16

is **DENIED;** and

    4. That the petitioner's Motion to Vacate is **DISMISSED**.

**SO ORDERED**, this the 3rd day of MAY, 2005.

_____
JAMES C. CACHERIS
United States District Judge