UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-387-GCM
(3:98-cr-322-GCM-1)

| | |
|---|---|
| MICHAEL JEROME ORR, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response to Petitioner's Motion to Vacate, (Doc. No. 10).

I.     BACKGROUND

As the Fourth Circuit summarized in its opinion affirming Petitioner's conviction and sentence, Petitioner "was convicted for his role in three separate robberies which left one man dead and two others with gunshot wounds." See United States v. Orr, 1 Fed. App'x 163, 164 (4th Cir. 2001). Petitioner was under the age of eighteen when he committed the offenses leading to the conviction. On October 28, 1999, Petitioner was convicted of three counts of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), for his role in the three robberies; and one count of possession of a firearm by a minor, in violation of 18 U.S.C. § 922(x). (Criminal Case No. 3:98cr322, Doc. No. 33: Jury

1

Verdict).  Petitioner was initially charged with several additional counts, including causing the death of a person in the course of using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(i).  See (Id., Doc. No. 1: Indictment).  This Court dismissed these counts, however, on the Government's motion.  (Id., Doc. No. 36: Order).

On March 21, 2000, this Court sentenced Petitioner to five years in prison for the first § 924(c) conviction, twenty years in prison for each of the remaining two § 924(c) convictions, and one year in prison for the § 922(x) conviction, with all sentences to run consecutively, for a total of 46 years in prison.  (Id., Doc. No. 41: Judgment).  Following Petitioner's appeal challenging his conviction, the Fourth Circuit affirmed in an unpublished opinion.  (Id., Doc. No. 45).  Petitioner sought a writ of certiorari from the United States Supreme Court, which the Court denied on June 29, 2001.  (Id., Doc. No. 48).  On July 1, 2002, Petitioner filed a timely first motion to vacate under 28 U.S.C. § 2255, which this Court denied on May 3, 2005.  (Id., Doc. Nos. 51; 54).

On June 26, 2013, Petitioner filed the instant motion to vacate under § 2255, contending that he is entitled to relief in light of the United States Supreme Court's decisions in Graham v. Florida, 130 S. Ct. 2011 (2010), and Miller v. Alabama, 132 S. Ct. 2455 (2012).  In Graham, the Supreme Court held that the Eighth Amendment of the Constitution prohibits a court from sentencing a juvenile offender to life in prison without parole for a non-homicide offense.  130 S. Ct. at 2017-18.  In Miller, the Court drew on Graham to prohibit application of mandatory life-without-parole sentencing schemes to juvenile offenders, even in homicide cases.  132 S. Ct. at 2460.  On July 15, 2013, the Fourth Circuit authorized Petitioner to pursue this second § 2255 motion.  (Doc. No. 2).  In support of the motion to vacate, Petitioner contends that he was sentenced, in violation of the Eighth Amendment, to the functional equivalent of a life sentence

2

for offenses committed when he was under the age of eighteen. This Court issued an order dated July 16, 2013, directing the Government to respond to Petitioner's motion. (Doc. No. 3). The Government has filed a response and the matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Response, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A petitioner seeking relief based on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" must file his motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). As the Supreme Court has explained, the one-year limitations period "applies to 'all motions' under § 2255, initial motions as well as second or successive ones." Dodd v. United States, 545 U.S. 353, 359 (2005). Because Petitioner failed to file his motion to vacate within one year of Graham, the case in which the Supreme Court initially recognized the right on which Petitioner relies, his motion is untimely under § 2255(f)(3).[1]

Petitioner asserts that the deprivation of discretion under § 924(c), which requires

---

[1] The Supreme Court decided Graham on May 17, 2010, and the Court issued an amended decision on July 6, 2010.

3

mandatory consecutive sentences, is the basis for his claim under Miller.  The Graham decision, however, was the one in which the Supreme Court initially recognized a blanket prohibition on the imposition of a life without parole sentence, discretionary or otherwise, on a juvenile non-homicide offender.  Because Petitioner failed to pursue his claim within one year of Graham, his motion to vacate is untimely.

Even if the petition were timely, Petitioner has not presented a claim for an Eighth Amendment violation under Graham.  Although Graham clearly recognized a categorical prohibition on life without parole sentences for juvenile non-homicide offenders, courts have differed over whether a sentence that is comprised of consecutive term-of-years sentences for separate offenses implicates the Graham prohibition.  Cf. Moore v. Biter, 725 F.3d 1184, 1192 (9th Cir. 2013) (reasoning that a "a seventeen-year-old sentenced to life without parole and a seventeen-year-old sentenced to 254 years with no possibility of parole, have effectively received the same sentence" and holding that Graham applies to both sentences), with Bunch v. Smith, 685 F.3d 546, 550 (6th Cir. 2012) (holding that Graham "did not clearly establish that consecutive, fixed-term sentences for juveniles who commit multiple non-homicide offenses are unconstitutional when they amount to the practical equivalent of life without parole").  In any event, the Court agrees with the Government that the forty-six year sentence that Petitioner received here is not the functional equivalent of a life sentence.

Petitioner was detained on the instant federal charges on August 14, 1998, and has remained in custody since that time.  Accordingly, even assuming Petitioner served his entire forty-six year sentence without credit for good time, he would be released in August 2044 at the

4

age of 64.[2]  See (Id., PSR at 2) (noting Petitioner's birthdate of September 29, 1979).  The Government cites to figures published by the United States Census Bureau, showing that when Petitioner was sentenced at the age of 20 he had a remaining life expectancy of 51.7 years, or a total life expectancy exceeding 71 years of age.  See (Doc. No. 10 at 13) (citing United States Census Bureau, Statistical Abstract of the United States 76, Table 103 (2011)).  The Government argues, and this Court agrees, that because Petitioner will be released between the age of 59 and 64, his 46-year sentence is not the practical equivalent of a life sentence when compared to his life expectancy at the time of sentencing.  See United States v. Gullett, 75 F.3d 941, 943 (4th Cir. 1996) (holding that the district court correctly selected its sentence by reference to the defendant's life expectancy to avoid imposing an unlawful life sentence as to that defendant).

      Petitioner argues in his motion to vacate that several courts have relied on the Sentencing Commission's categorization of a "life" sentence as one running for 470 months, which was less than the 552-month total sentence imposed against Petitioner here.  Other courts, however, have questioned the wisdom of this approach.  United States v. Jensen, 493 F.3d 997, 1000 (8th Cir. 2007) ("There is no indication that the Commission's selection of 470 months was a policy judgment about the incremental punishment that should accompany increase in an offender's offense level. . . .").  Moreover, contrary to Fourth Circuit precedent, Petitioner's proposed reliance on the 470-month figure fails to account for the individual defendant's life expectancy.  Under the method endorsed by the Fourth Circuit and others courts for considering whether a particular sentence amounts to an unlawful, de facto life sentence, Petitioner's 46-year sentence is not the functional equivalent of life in prison.  Accordingly, even if Petitioner's claim were

---

[2]  The Government notes correctly that, according to the website for the Federal Bureau of Prisons, Petitioner is projected to be released on January 28, 2039, when he is 59.

timely presented, it is nevertheless without merit.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: December 10, 2013

Graham C. Mullen
United States District Judge