# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:98-cr-322-GCM-1

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **MICHAEL JEROME ORR, JR.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "Pro se Motion for Change of Committed Name." (Doc. No. 64). In the motion, Defendant contends that the Bureau of Prisons ("BOP") is refusing to recognize him by his "adopted muslim name," which is "Fatir Rashid Mubin Zulu." Defendant requests "that his pro se application for change of post-committed name be issued out of this court directing the sentencing judge to change the pro se applicant's adopted name to: Fatir Rashid Mubin Zulu." (Id. at 2).

The First Amendment protects Defendant's right to legal recognition of his adopted religious name. See Ali v. Stickman, 206 Fed. Appx. 184, 186 (3d Cir. 2006) (unpublished). Such protection is not only legal, but provided for within the federal prison system. See Barrett v. Virginia, 689 F.2d 498, 501 (4th Cir. 1982). The BOP has a legitimate security interest in an efficient system of identification and administration of prisoners within its custody. See Fawaad v. Jones, 81 F.3d 1084, 1087 (11th Cir. 1996). The BOP policy regarding prisoners' "committed, legal, and true names" provides that "inmates may adopt name changes in accordance with religious affiliations of other lawful means. It is the inmate's responsibility to provide CSD staff with verifiable documentation of the name change . . . ." The policy further provides that "[t]he name entered on the J&C is considered the committed name to be used by

1

the inmate, as well as the Bureau. SENTRY must reflect the committed name, which may only be changed by an order from the Federal sentencing court." See Federal Bureau of Prisons, Program Statement P5800.15 § 402(d) (Sept. 23, 2016), available at https://www.bop.gov/PublicInfo/execute/policysearch.

As noted, BOP policy requires an inmate to provide prison staff with "verifiable documentation of the name change" so that such name may be entered as the inmate's "legal" name. Here, although Defendant alleges that his "adopted muslim name" is "Fatir Rashid Mubin Zulu," he has failed to provide "verifiable documentation of the name change" sufficient to support his motion. Before this Court can order the BOP to recognize Defendant's Muslim name, Defendant must first show that he has changed his name under the applicable state laws governing changes of names. To the extent that Defendant argues that this Court has the authority to effect a legal name change, Defendant is incorrect. This Court may only order the BOP to recognize Defendant's name change, which Defendant must seek from the applicable state authorities. See United States v. Bowman, No. 5:01CR33-RLV, 2013 WL 2634404, at *3 (W.D.N.C. June 12, 2013) ("While Defendant, a federal prisoner, asks this Court to direct the Bureau of Prisons to recognize Defendant's new Islamic name, Defendant does not allege that his name has been legally changed pursuant to state law. Rather, Defendant asserts that this federal sentencing court has the authority to legally change Defendant's name. . . . While the . . . sentencing judge for this Defendant[], may have the ability to request that the BOP recognize Defendant's new Islamic name, it is not at all clear that this federal court, even under its inherent authority, can legally effect a name change.").

**IT IS HEREBY ORDERED** that Defendant's "Pro se Motion for Change of Committed Name," (Doc. No. 64), is **DENIED**.

Signed: December 9, 2016

Graham C. Mullen
United States District Judge